Filed 11/9/23  P. v. Greenwood CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARQUIS GREENWOOD,<br><br>    Defendant and Appellant. | C097600<br><br>(Super. Ct. No. 10F08037) |

Defendant Marquis Greenwood, convicted by jury of felony murder among other things and sentenced to indeterminate and determinate terms in prison, challenges the trial court's subsequent order denying his petition for resentencing under Penal Code

1

former section 1170.95 (now section 1172.6).[1] Defendant claims the trial court improperly relied at the prima facie stage on facts recited in this court's prior opinion and the jury's true findings on enhancement and special circumstance allegations to conclude that defendant was the actual killer and not eligible for relief.

We will reverse the trial court's order and remand the matter.

BACKGROUND

In December 2010, defendant and his accomplice, Tiekarian Troutman, planned to rob a small market. Another accomplice, Shayana Hollis, waited in the car. Wearing ski masks, defendant and Troutman entered the store. Troutman had their gun. The unarmed store owners, a husband and wife, resisted and defendant and Troutman fled. Hollis heard a gun go off but could not see what was happening in the store. The female store owner did not hear a gunshot; her husband heard a loud sound but did not see a gun. Hollis saw defendant and Troutman run out of the store. One of them tripped and fell but got up, then both stumbled and fell. Troutman had been shot. Defendant dropped Hollis and Troutman off at a medical clinic where Troutman died from a gunshot wound. (*People v. Greenwood* (July 22, 2016, C073647) [nonpub. opn.] (*Greenwood*).)[2]

The prosecution presented testimony from Hollis that Troutman said defendant had shot him, as well as testimony from other witnesses that defendant admitted he shot Troutman. Defendant testified at trial that Troutman said he shot himself when he stumbled. (*Greenwood, supra*, C073647.)

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 without change to the text. (Stats. 2022, ch. 58, § 10.) We will refer to the current statute.

[2] We granted defendant's request to incorporate by reference the record in case No. C073647.

2

A jury convicted defendant of first degree murder and attempted robbery. The jury found true enhancement allegations that defendant personally used and discharged a firearm in committing murder and attempted robbery (§ 12022.53, subds. (b), (c)), and it also found true a special circumstance allegation that defendant committed murder while engaged in attempted robbery (§ 190.2, subdivision (a)(17)). The trial court sentenced defendant to life without the possibility of parole for the murder, plus 20 years for the firearm enhancement and three years (stayed) for the attempted robbery. (*Greenwood, supra*, C073647.)[3]

This court affirmed the judgment. Among other things, defendant contended on appeal that the trial court's answers to jury questions improperly allowed jurors to find him guilty of murder under the felony-murder rule even if Troutman accidentally shot himself. During deliberations, the jury asked if defendant could be found guilty of first degree murder if he never touched the gun and Troutman shot himself. Over a defense objection, the trial court answered "Yes" if defendant actively participated in the events that caused the death, i.e., the events surrounding the discharge of the gun. This court concluded that even if the felony-murder rule did not apply if Troutman shot himself, the jury's true findings on the section 12022.53 firearm enhancements that defendant personally used and discharged the gun established that the jury rejected defendant's testimony that Troutman shot himself. (*Greenwood, supra*, C073647.)

In November 2021, defendant filed a petition for resentencing under section 1172.6. The form petition had boxes checked asserting defendant was convicted under a theory of felony murder or the natural and probable consequences doctrine and could not

---

[3] The jury also found defendant guilty of a robbery and carjacking that preceded the attempted robbery and murder at the market. The trial court sentenced defendant to nine years for the carjacking and five years (stayed) for the robbery. (*Greenwood, supra*, C073647.)

now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. The petition also checked optional boxes that defendant was convicted of felony murder and could not now be convicted due to changes to section 189, because defendant was not the actual killer, did not with intent to kill aid and abet the killer in the commission of murder in the first degree, and was not a major participant in the felony and did not act with reckless indifference to human life in the course of the felony. The trial court appointed the public defender to represent defendant and the parties submitted briefs.

On October 28, 2022, the trial court conducted a hearing to determine whether defendant's petition made a prima facie showing of eligibility for relief under section 1172.6. The trial court observed that in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the California Supreme Court said the trial court could consider a prior appellate opinion at the prima facie stage, although the high court cautioned against the use of facts recited in the opinion. The trial court queried counsel for the parties whether it could conclude that there was only one gun involved based on the undisputed facts set forth in this court's prior opinion. The trial court further inquired whether the jury's true findings on the firearm enhancement allegations, as well as on the attempted robbery-murder special circumstance allegation, answered the question that defendant was the actual killer without the need for an evidentiary hearing.

Defense counsel said the jury's true findings would only answer whether defendant was the actual killer if the jury had found that defendant discharged the firearm causing death. Counsel noted that a hypothetical sequence in which Troutman shot himself when he fell and then defendant picked up the gun and discharged it would also fit the jury's findings. The prosecutor responded that the trial court could rely on this court's prior opinion that the jury's firearm use and discharge findings necessarily rejected defendant's claim that Troutman shot himself.

4

The trial court read from the factual recitation in this court's prior opinion, indicating it supported the conclusion there was only one gun. The trial court then said it could properly rule defendant is ineligible as a matter of law based on the jury instructions that were given, including CALCRIM No. 730, the special circumstances instruction, and the instructions involving personal use and personal discharge of a firearm. The trial court said it is not a strained reading to say defendant is the actual killer in this case, and it concluded his petition did not state sufficient facts to justify an order to show cause evidentiary hearing as a matter of law.

## DISCUSSION

Defendant contends the trial court erred in denying his petition at the prima facie stage because the firearm findings did not require proof that defendant personally caused Troutman's death, and the jury made no finding as a matter of law that defendant fired the fatal shot. In addition, defendant argues the trial court should not have used this court's prior opinion to find that there was only one gun.

Under subdivision (c) of section 1172.6, the trial court must "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

To make a prima facie determination, trial courts are not limited to the allegations of the petition; rather they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*Lewis, supra*, 11 Cal.5th at p. 970.) The court in *Lewis* further stated that "[a]ppellate opinions . . . are generally considered to be part of the record of conviction," but cautioned that "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

5

We review de novo "a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 (*Lopez*).)

Defendant was convicted of first degree murder on a felony-murder theory. The jury was instructed with CALCRIM No. 540A, the pattern instruction on felony murder, which, as given, allowed the jury to convict defendant of first degree murder if the prosecution proved that defendant (1) attempted to commit robbery, (2) intended to commit robbery, and (3) while attempting to commit robbery, caused the death of another person. CALCRIM No. 540A further instructed: "A person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent." (See *People v. Vang* (2022) 82 Cal.App.5th 64, 81 (*Vang*) [the requisite mental state for felony murder "is simply the specific intent to commit the underlying felony"].)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 3) "significantly narrowed the scope of the felony-murder rule. It also created a path for relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not be convicted under the new law. Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*People v. Strong* (2022) 13 Cal.5th 698, 703 (*Strong*), citing §§ 189, subd. (e), 1172.6.)[4]

---

[4] The jury was instructed with CALCRIM No. 703 that, in considering the special circumstance of murder committed while engaged in attempted robbery, defendant could be found guilty of first degree murder even though he was not the actual killer if he was a major participant in the crime and acted with reckless indifference to human life. However, the court in *Strong* held that such a jury finding, which, as here, pre-dated the court's guidance in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 on the meaning of these phrases, did not preclude a prima facie showing of relief under section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 703.) The parties and the trial court agreed that, under *Strong*, the jury's true finding on the special circumstance

Here, the trial court determined that defendant was the actual killer and ineligible for relief as a matter of law based on its conclusion there was only one gun, coupled with the jury's findings on the firearm enhancements and special circumstance. "[D]efendants convicted of felony murder are not eligible for relief [under section 1172.6] if they were the actual killer." (*Harden, supra*, 81 Cal.App.5th at p. 53; see also *Strong, supra*, 13 Cal.5th at p. 710.)

However, a subsequent change in the law clarified that a trial court may not rely on factual summaries in an appellant opinion at the prima facie stage. (Senate Bill No. 775 (2019-2020 Reg. Sess.), Stats. 2021, ch. 551, § 2, effective January 1, 2022; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9; *People v. Clements* (2022) 75 Cal.App.5th 276, 292.) As the court in *People v. Flores* (2022) 76 Cal.App.5th 974 (*Flores*) observed: "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's eligibility for resentencing at the prima facie stage." (*Id.* at p. 988; see also *Strong, supra*, 13 Cal.5th at p. 720.)

At the time the trial court ruled on defendant's petition, its use of the facts recited in this court's prior opinion was arguably permissible. But, under the changes to section 1172.6 made by Senate Bill No. 775, the trial court should not have relied on those facts.

The People nevertheless argue such use of this court's prior opinion was harmless.

"To demonstrate prejudice from the denial of a section [1172.6] petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing." (*Flores, supra*, 76 Cal.App.5th at p. 986; see also *People v. Flint* (2022) 75 Cal.App.5th 607, 613.)

_____

was insufficient alone to hold defendant ineligible as a matter of law for section 1172.6 relief.

7

The People maintain that the testimony of Troutman and Hollis presented the jury with two conflicting theories at trial: defendant testified that Troutman shot himself when he fell, while Hollis testified that defendant admitted he shot Troutman while trying to shoot the female proprietor of the market. The People argue that to find defendant guilty of felony murder for Troutman's death and also find true that defendant personally used and discharged a firearm, the jury necessarily rejected the defense's theory that Troutman accidentally shot himself.

However, our review of the relevant jury instructions indicates that they do not require the jury to find that defendant was the actual killer. As given at trial, CALCRIM No. 3146, the instruction on section 12022.53, subdivision (b), instructed the jury that defendant personally uses a firearm when he intentionally: (1) "Displays the weapon in a menacing manner"; (2) "Hits someone with the weapon"; *or* (3) "Fires the weapon." (Italics added.) CALCRIM No. 3146 did not require the jury to find that defendant fired a shot. The instruction on section 12022.53, subdivision (c), CALCRIM No. 3148, instructed the jury that defendant personally discharged a weapon if defendant: (1) "personally discharged a firearm during the commission of the crime"; and (2) "intended to discharge the firearm." CALCRIM No. 3148 did not require the jury to find that defendant shot Troutman (or anyone) in discharging the firearm.

Other instructions were couched in the general language of causation. CALCRIM No. 730 on the special circumstance of murder committed during an attempted robbery required the jury to find that "defendant did an act that caused the death of a person," not that defendant personally killed a person. In employing this language, the instruction echoed CALCRIM No. 540A on felony murder, which told the jury that the People must prove that "[w]hile attempting to commit robbery, the defendant caused the death of another person." However, "[t]o personally kill the victim is to directly cause the victim's death, not just to proximately cause it." (*Vang, supra*, 82 Cal.App.5th at p. 90.)

8

The court in *Lopez* said these instructions create a possibility that a jury could convict a defendant of felony murder and find true a special-circumstance allegation without finding the defendant to be the actual killer. In that case the jury was not instructed it had to find that the defendant personally killed the victim to convict him; the jury was instructed it only had to find that the defendant committed an act that caused the victim's death. (*Lopez, supra*, 78 Cal.App.5th at p. 20.)

In this case, the People agree these jury instructions did not require the jury to find that defendant was the actual killer. But the People nevertheless claim "those same instructions viewed within the context of the record as whole, including trial testimony, party arguments, and necessary factual findings by the jury" demonstrate that defendant was the actual killer. We disagree. In similar circumstances, the court in *Lopez* concluded: "The record of conviction does not establish defendant is ineligible for relief under section [1172.6] as a matter of law. In order to conclude defendant is ineligible for relief as a matter of law, we would have to weigh the evidence and find defendant to have been the actual killer, which would be impermissible at this stage." (*Lopez, supra*, 78 Cal.App.5th at p. 20, citing *Lewis, supra*, 11 Cal.5th at p. 972.) In this instance, to conclude that defendant was the actual killer as a matter of law, we would have to (1) find that the evidence showed there was only one gun, and (2) determine that Hollis's testimony was credible while defendant's was not -- both of which are impermissible at the prima facie stage.[5] (*Lewis,* at p. 972.)

---

[5] As defense counsel suggested, the conclusion might be different if the jury had rendered a true finding on a section 12022.53, subdivision (d) enhancement after being instructed with CALCRIM No. 3149 directing the jury to determine whether the People proved that defendant personally and intentionally discharged a firearm during the attempted robbery, which caused great bodily injury to, or death of, a person who was not defendant's accomplice. (See *Harden, supra*, 81 Cal.App.5th at pp. 55-56 ["the jury's true finding that [the defendant] personally inflicted great bodily injury necessarily means it determined [the defendant] strangled [the victim]"]; but see *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [enhancement under section 12022.53, subd. (d) does not show

We conclude the trial court erred in denying defendant's section 1172.6 petition without issuing an order to show cause and conducting an evidentiary hearing.

DISPOSITION

The order denying defendant's petition for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subd. (d).)


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
BOULWARE EURIE, J.

---

the defendant acted with malice aforethought and establish as a matter of law that the defendant is ineligible for relief].)

10